UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.K. et al.,<br><br>Petitioners,<br><br>v.<br><br>ERNESTO SANTACRUZ JR. et al.,<br><br>Respondents. | Case No. 5:25-cv-03266-MCS-MBK<br><br>**ORDER RE: EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND MOTION FOR PRELIMINARY INJUNCTION (ECF NO. 4)** |

Petitioners A.K. and G.S. bring this action for a writ of habeas corpus. (Pet., ECF No. 1.) Petitioners filed an ex parte application for a temporary restraining order and motion for a preliminary injunction. (Appl., ECF No. 4.) The Court ordered briefing on the application. (Order Setting Br. Schedule, ECF No. 7.) Respondents Ernesto Santacruz Jr., in his official capacity as Acting Field Director of Los Angeles Office of Detention Removal, U.S. Immigrations and Customs Enforcement ("ICE"); Ryan Hicks, in his official capacity as Assistant Field Office Director of ICE; Todd M. Lyons, in his official capacity as Acting Director of ICE; the United States Department of Homeland Security ("DHS"); Kristi Noem, in her official capacity as Secretary of DHS; Pam Bondi, in her official capacity as Attorney General of the United States; and Fereti Semaia, in his official capacity as the Facility Administrator at Adelanto ICE Processing

Center, filed a brief opposing the application. (Opp'n, ECF No. 13.)[1] Respondents filed a reply brief, (Reply, ECF No. 15), and the Court heard argument on the application on December 10, 2025, (Mins., ECF No. 18).

In brief, Petitioners are Indian nationals and citizens who have lived in the United States since 2014. (Sinodis Decl. ¶¶ 5, 12, 16, ECF No. 1-1.) In June 2025, A.K. filed an asylum application listing her son G.S. as a derivative applicant. (Sinodis Decl. ¶ 17; *id.* Ex. A, ECF No. 1-2.) On December 4, 2025, they went to their asylum interview at the Los Angeles Asylum Office. (Sinodis Decl. ¶ 5.) Instead of conducting the interview, ICE officers arrested them. (*Id.* ¶¶ 7–8.) The officer in charge indicated that the reason for A.K.'s arrest was an INTERPOL Red Notice obtained by the Indian government naming A.K. and her husband S.S., (*id.* ¶¶ 10, 22, 26), and the reason for G.S.'s arrest was his inclusion as a derivative on A.K.'s asylum application, (*id.* ¶ 12). Respondents have known about the Red Notice since 2019, when ICE arrested S.S. and then directed A.K. to appear at ICE's office to sign for S.S.'s personal belongings. (*Id.* ¶¶ 22–23.)

Based on these allegations, Petitioners claim that their arrest and detention violates their due process rights under the Fifth Amendment, (Pet. ¶¶ 94–106, 111–113), and constitutes arbitrary and capricious agency action in violation of the Administrative Procedure Act, 5 U.S.C. § 706(a)(2)(A), and the Immigration and Nationality Act, 8 U.S.C. § 1226(b), (Pet. ¶¶ 107–110). In their ex parte application, Petitioners argue they are likely to prevail on their Fifth Amendment procedural due process claim. (*See generally* Appl.) They seek preliminary injunctive relief in the form of an order

---

[1] Respondents' opposition brief was not timely filed, and Petitioners filed a request to grant the application as unopposed. (Request, ECF No. 12.) In the interest of judicial economy, the Court considers the late-filed opposition brief. *See Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing.").

requiring their immediate release and enjoining Respondents from rearresting them unless they are first afforded a hearing on whether revocation of their release is justified. (*Id.* at 21.) The Court issued an order prohibiting Respondents from relocating Petitioners outside the district while the instant application is pending. (Order Setting Br. Schedule 3.)

At the December 10 hearing, the Court ordered Respondents to file a supplemental brief by December 15, 2025, outlining Respondents' positions on certain questions raised during the hearing. (Mins..) In particular, the Court ordered Respondents to provide their position on (1) whether A.K. was arrested in 2019, (2) A.K. and G.S.'s current immigration status, and (3) whether G.S. has a valid claim for relief. (Tr. 16:15–22, ECF No. 19.) Respondents did not file anything by the deadline. Based on Respondents' failure to file any response addressing the Court's questions, the Court deems conceded Petitioners' argument that their arrest and detention by ICE on December 4 violated their procedural due process rights under the Fifth Amendment. *See, e.g.*, *Ramirez v. GhilottiBros. Inc.*, 941 F. Supp. 2d 1197, 1210 n.8 (N.D. Cal. 2013) (collecting cases holding that a party conceded an argument by failing to respond to it).

Because Respondents have conceded that Petitioners' December 4 arrest violated their procedural due process rights, the Court concludes that Petitioners have met their burden to demonstrate entitlement to preliminary injunctive relief under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), as Petitioners have established, through their showing in the application and Respondents' failure to offer a cogent response, that they are likely to succeed on the merits of their due process claim, that they are suffering and will suffer irreparable harm through their continued detention, and that the balance of equities and public interest tip decidedly in Petitioners' favor.[2] Accordingly, the Court grants the application in part. Respondents

---

[2] Because the Court deems Petitioners' arguments conceded based on Respondents'

shall release Petitioners from custody forthwith. The Court declines to provide other relief requested in the application at this time.

The Court vacates the hearing set for December 17, 2025. Pursuant to General Order No. 05-07, further proceedings on the merits of the petition are referred to the assigned magistrate judge.

**IT IS SO ORDERED.**

Dated: December 16, 2025

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

---

failure to respond to the Court's order directing supplemental briefing, nothing in this opinion should be read to carry any precedential force that could be applied to future immigration cases involving similar facts or legal issues.

4