UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.K., et al.,<br><br>        Petitioners,<br><br>    v.<br><br>ERNESTO SANTACRUZ JR., et al.,<br><br>        Respondents. | Case No. 5:25-cv-03266-MCS-MBK<br><br>ORDER RE: REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, (Pet., ECF No. 1), the other records on file herein, and the Report and Recommendation of the United States Magistrate Judge, (R. & R., ECF No. 30). No objections to the Report and Recommendation have been filed. The Court accepts the report, findings, and recommendations of the Magistrate Judge, except with respect to the recommended relief, on which the Court respectfully disagrees with the Magistrate Judge.

In addition to release from custody and relief attendant thereto, Petitioner prays for an order that "prior to any future re-detention, Petitioners are provided a hearing before a neutral adjudicator at which DHS must prove by clear and convincing evidence that they are a danger or a flight risk." (Pet., Prayer for Relief ¶ 4.) The Magistrate Judge recommends entering the proposed relief based on Respondents'

1

lack of opposition. (R. & R. 2, 4.) But the arguments presented in the petition pertain to Petitioners' claims that Respondents wrongfully detained them; the arguments have no bearing on Respondents' anticipated supervision or handling of Petitioners *after* their release from custody. (*See* Pet. ¶¶ 94–113.) The Court will not grant habeas relief that exceeds the scope of the claims in the petition or is based on speculation about what might happen after Petitioner is released. *See, e.g., Baca Garcia v. Warden*, No. 2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition").

For the same reason, the Court respectfully disagrees with the Magistrate Judge's recommendation that the Court "incorporate its temporary relief regarding Petitioners' conditions of supervision" into its final order. (R. & R. 4.) The Court granted preliminary relief ordering Petitioners' immediate release from both physical custody, (TRO 3–4, ECF No. 22), and from the Intensive Supervision Appearance Program, (Am. TRO 2, ECF No. 27). The Court also ordered Respondents to return to Petitioners all personal property taken from them upon their arrest. (*Id.*) The Court granted these forms of preliminary relief in order to preserve the status quo ante litem, at which point Petitioners were not subject to these restrictions on their liberty. *See Epic Games, Inc. v. Apple Inc.*, 493 F. Supp. 3d 817, 832 (N.D. Cal. 2020) ("It is so well settled as not to require citation of authority that the usual function of a

preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits." (quoting *Tanner Motor Livery, Ltd. v. Avis, Inc.*, 316 F.2d 804, 808 (9th Cir. 1963))). The same consideration is no longer relevant at this stage because the Court is rendering a final decision on the merits. Because a permanent injunction restraining how Respondents may detain or monitor Petitioners in the future is likely beyond the scope of relief available to Petitioners on their habeas petition, the Court will not grant such relief. *Mora Gutierrez*, 2026 U.S. Dist. LEXIS 9272, at *4–5.

IT IS THEREFORE ORDERED that judgment be entered granting the petition for writ of habeas corpus.

DATED:  April 28, 2026

_____
MARK C. SCARSI
UNITED STATES DISTRICT JUDGE

3